RUPERT FRANKLIN SCARLETT, Administrator of the Estate of LARRY NELSON SCARLETT Deceased v. WILLIAM LaFAYETTE ABERNE-THY, HOUSTON DONNELL HAVNAER, and ABERNETHY'S, INCORPORATED.

AND

EDNA WRENN SCARLETT, Administratrix of the Estate of RUSSELL WAYNE SCARLETT, Deceased v. WILLIAM LaFAYETTE ABERNE-THY, HOUSTON DONNELL HAVNAER, and ABERNETHY'S, INCORPORATED.

(Filed 25 March 1964.)

APPEAL by defendants from *Farthing, J.*, Regular September 1963 Session, CATAWBA Superior Court.

Civil actions to recover damages for the alleged wrongful deaths of plaintiffs' intestates who were instantly killed in a three vehicle, rear-end collision on Highway 64-70 near Conover on the night of February 23, 1961. Twice heretofore this Court has reviewed cases growing out of the same accident. They are reported in 256 N.C. 677 and 258 N.C. 114. The plaintiffs' evidence in the present actions, which were consolidated for trial, was not essentially different from that recited in the former appeals.

The driver of the defendants' station wagon testified he stopped at an intersection not far from the scene of the accident, "to let traffic (also going west) go around me." He continued at about 50 miles per hour until he discovered the fog, then reduced speed until the crash.

The jury found the issues of negligence against the defendants and awarded damages of $22,500.00 for the wrongful death of Larry Nelson Scarlett, passenger, and $25,000.00 for the wrongful death of Russell Wayne Scarlett, driver of the Chevrolet. The defendants appealed.

*Corne & Warlick by Stanley J. Corne for plaintiff appellees.*
*Willis & Sigmon by Emmett C. Willis for defendant appellants.*

PER CURIAM. The plaintiffs alleged the defendants were guilty of actionable negligence in a number of respects, principally by failure of their driver to reduce speed upon discovering the dense ribbon of fog which blanketed the road over a stream; and as a result of such failure the vehicle crashed into the Chevrolet, killing the occupants. There was allegation the defendants' vehicle was following too closely. However, the evidence in support is lacking, except, perhaps, the defendants' evidence that some traffic passed at the nearby intersection, also going west. The court charged: ". . . (T)he driver of a motor vehicle shall not follow another . . . more closely than is reasonable and prudent, with regard to the safety of others and due regards to the speed of such vehicles and the traffic . . . and the condition of the highway. . . . The rule would vary with conditions existing from time to time and would always mean that distance at which a reasonable and prudent person would follow under the conditions as they existed at the time."

We are doubtful whether the evidence was sufficient to warrant any charge of following too closely. If error, we consider it to be nonprejudicial. The force of the collision and other evidence of speed were decisive. No other assignment of error is seriously debated. We conclude that in the trial below there was in law

No error.